UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTHONY M.,

                                       Plaintiff,

v.                                                  Case # 07-CV-6040-FPG

                                                          DECISION & ORDER

LESTER WRIGHT, M.D., et al.,

                                       Defendants.
_____

## INTRODUCTION

On January 22, 2007, *pro se* Plaintiff Anthony M., who later obtained counsel, filed this 42 U.S.C. § 1983 action alleging that Defendants violated his rights while providing medical treatment during his incarceration. ECF No. 1. Plaintiff also moved to seal the case because it contained his "medical history . . . [and] describe[ed] [his] medical problem and the effects and consequences . . . which is embarrassing." ECF No. 3. The Court granted that motion and sealed the case. ECF No. 4.

On November 6, 2017, this matter proceeded to trial. ECF No. 97. Before jury selection began, the Court unsealed the case. *Id.*; *see also* ECF No. 103 at 18 (lines 19-24). On November 8, 2017, the jury returned a verdict in Defendants' favor. ECF Nos. 99-100.

On October 11, 2018, Plaintiff moved to reseal this case. ECF No. 106. For the reasons that follow, Plaintiff's motion is GRANTED IN PART and DENIED IN PART.

## DISCUSSION

Plaintiff argues that this case should be sealed because it "involves confidential and sensitive medical and psychiatric information that is embarrassing [and] threatens [his] safety."

*Id.* at 3. Plaintiff asserts that the publicity of his medical condition makes him "more susceptible to abuse, verbal and physical harassment and jokes" in prison.[1] *Id.* at 14-15. He also argues that the publicity of the information could influence future employers to deny him a job, cause people in the community to avoid associating with him, and make him susceptible to identity theft. *Id.* at 16-17.

The Local Rules of Civil Procedure explain that "there is a presumption that Court documents are accessible to the public and that a substantial showing is necessary to restrict access." Loc. R. Civ. P. 5.3(a); *see also In re Orion Pictures Corp.*, 21 F.3d 24, 26 (2d Cir. 1994) ("[C]ourts have recognized a strong presumption of public access to court records. This preference for public access is rooted in the public's first amendment right to know about the administration of justice.") (citation omitted). If a party makes a "proper showing," the Court may seal the case in its entirety or seal specific documents. Loc. R. Civ. P. 5.3(b); *see also Taveres v. Lawrence & Mem'l Hosp.*, No. 3:11-CV-770 CSH, 2012 WL 5929949, at *5 (D. Conn. Nov. 27, 2012) (noting that a motion to seal must be properly supported by "clear and compelling reasons" and "narrowly tailored to serve those reasons") (citations omitted).

The Second Circuit "has emphasized that a district court 'must carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need' to seal court records." *Wheeler-Whichard v. Doe*, No. 10-CV-0358S, 2010 WL 3395288, at *5 (W.D.N.Y. Aug. 25, 2010) (quoting *Orion Pictures*, 21 F.3d at 27) (internal citation omitted).

---

[1] Plaintiff is no longer incarcerated. According to the Department of Corrections and Community Supervision's inmate database, Plaintiff was released on parole on October 22, 2018. *See* Department of Corrections and Community Supervision, Inmate Information, *available at* http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ3/WINQ130 (last visited Oct. 26, 2018).

Plaintiff asserts that this entire case should be sealed because it deals with his medical issues and treatment history, but this is insufficient to justify sealing the entire case. *See, e.g.*, *Wheeler-Whichard*, 2010 WL 3395288, at *6 ("[T]he fact that a case involves a plaintiff's medical condition, while arguably personal in nature, is not in-and-of itself sufficient to grant plaintiff's request to proceed under a pseudonym."). "Many prisoner civil rights cases brought in this Court involve medical claims and issues, and if simply raising a medical claim was the standard then sealing would become the rule not the exception in these types of cases." *Id.* However, courts in this Circuit routinely seal medical records, without sealing the entire case, to protect the plaintiff's privacy interest in those records. *Id.* (citing *Shomo v. New York Dep't of Corr. Servs.*, No. 9:04-CV-0910 (LEK/GHL), 2007 WL 2580509, at *14 n.84 (N.D.N.Y. Sept. 4, 2007) and *Ray v. New York State Dep't of Corr.*, No. 04-CV-6191L, 2005 WD 2994312, at *3 (W.D.N.Y. Nov. 8, 2005)).

Accordingly, Plaintiff's Motion to Seal (ECF No. 106) is GRANTED IN PART and DENIED IN PART. The Court declines to seal the case in its entirety but directs the Clerk of Court to seal ECF Nos. 78-4, 78-5, 78-6, 78-7, which contain Plaintiff's medical records.

## CONCLUSION

Plaintiff's Motion to Seal (ECF No. 106) is GRANTED IN PART and DENIED IN PART. The Clerk of Court will seal the docket items listed above.

IT IS SO ORDERED.

Dated: October 29, 2018
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court